IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| THE MEDICAL PROTECTIVE COMPANY, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 4:18-CV-100 (CDL) |
| BRYANT MOSLEY and LAWANDA THOMAS, *individually and as mother of Montravious Thomas*, | * | |
| Defendants. | * | |

O R D E R

Lawanda Thomas, on behalf of her son Montravious Adams, sued Bryant Mosley, Mentoring & Behavioral Services, LLC (Mosley's employer), and the Muscogee County School District in state court for injuries Mosley allegedly inflicted on Adams while Mosley supervised Adams at a School District facility for students with behavioral issues. *See generally* Pet. for Declaratory J. Ex. A, Compl., *Thomas et al. v. Muscogee Cty. Sch. Dist. et al.*, No. SC-17-CV-163 (Muscogee Cty. State Ct. Mar. 13, 2017), ECF No. 1-1. Mosley presented the claim to his insurer, Plaintiff Medical Protective Company ("MedPro"). MedPro agreed to defend Mosley subject to a reservation of rights and is currently defending him in the state court action. Pet. ¶¶ 18-19. MedPro then brought this action seeking a declaration that it owes Mosley no coverage for the claims in the underlying state court action.

1

Mosley has moved to dismiss or stay this action, arguing that it is not "ripe." The Court finds Mosley's arguments in support of his motion unpersuasive. The issue of insurance coverage may certainly be decided in the present declaratory judgment action. *See generally Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270 (1940) (concluding that "actual controversy" existed when insurer brought declaratory action against insured and underlying state court plaintiff seeking declaration of no duty to defend or indemnify even when state court suit remained pending). And no reason exists to delay the coverage determination pending a final resolution of the underlying state court negligence lawsuit.

Mosley also asserts counterclaims in this action, alleging that MedPro acted in bad faith and breached or will breach the policy by mishandling the claim. MedPro has moved to dismiss these counterclaims. The Court agrees with MedPro that these claims are premature. MedPro has not denied coverage, but instead is providing Mosley a defense in the state court action until coverage can be determined in this declaratory judgment action. Mosley directed the Court to no authority that supports its apparent contention that this run-of-the-mill declaratory judgment action somehow represents a breach of some duty owed by MedPro to its insured. Of course, if MedPro refuses to indemnify Mosley for any judgment or decides to discontinue its defense of Mosely in the underlying action, then Mosley may reassert his claims.

Accordingly, Mosley's motion to dismiss MedPro's petition for declaratory judgment (ECF No. 10) is denied and MedPro's motion to dismiss Mosley's counterclaims (ECF No. 19) is granted to the extent the counterclaims are dismissed without prejudice. The stay in this action (ECF No. 23) shall be lifted.

IT IS SO ORDERED, this 19th day of September, 2018.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA